# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Suzanne H., Petitioner Below,**
**Petitioner**

**vs)   No. 14-1185** (Berkeley County 14-D-780)

**Jason L., Respondent Below,**
**Respondent**

**FILED**

October 2, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Suzanne H.,[1] *pro se*, appeals the order of the Circuit Court of Berkeley County, entered October 21, 2014, denying petitioner's appeal of an August 26, 2014, order of the Family Court of Berkeley County. In its August 26, 2014 order, the family court denied petitioner's motion for reconsideration of the court's August 15, 2014, dismissal of petitioner's petition to modify a July 16, 2014, temporary order entered by the Superior Court of Muscogee County, Georgia, for a lack of jurisdiction. Petitioner filed a supplement to her brief. Respondent Jason L., *pro se*, did not file a response.[2] Both parties have filed status updates regarding the welfare of the child as directed by this Court.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Because this case involves sensitive facts, we protect the identities of those involved by using the parties' first names and last initials and identify the minor child by using his initials only. *State ex rel. W.Va. Dept. of Human Servs. v. Cheryl M.*, 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

[2]On July 23, 2015, this Court entered an amended scheduling order noting that respondent failed to file a response and directed respondent to do so. Despite this Court's order, respondent did not file a response. Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, this Court will assume that the respondent agrees with petitioner's view of the issue. However, the Court declines to rule in petitioner's favor simply because respondent failed to file a response. Syl. Pt. 8, *State v. Julius* 185 W.Va. 422, 424, 408 S.E.2d 1, 3 (1991) ("This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred.").

1

The parties never married, but have one child together, J.E.L., whose date of birth is March 25, 1999. J.E.L. has both autism and Down's Syndrome, and has a mental age of five years old. On March 19, 2014, respondent filed a petition for legal and physical custody of J.E.L. in the Superior Court of Muscogee County, Georgia ("Georgia court"), where respondent lives. Respondent averred that he was concerned for J.E.L.'s well-being and safety while J.E.L. remained in petitioner's physical custody. Sometime prior to the filing of respondent's custody petition, petitioner left the State of Georgia, with J.E.L., first moving to the State of Maryland and then to Berkeley County, West Virginia.

Following, a hearing at which petitioner failed to appear, the Georgia court awarded respondent legal custody of J.E.L. by a temporary order entered July 16, 2014. In its order, the Georgia court first found that petitioner received notice of respondent's custody petition as petitioner had responded to the petition "with a letter to the Court." Next, the Georgia court recognized respondent as J.E.L.'s natural father and awarded him immediate legal custody. The Georgia court granted petitioner visitation as agreed to by the parties, but restricted it to the court's jurisdiction. Finally, the Georgia court requested "the [Sheriff's] Department in the county where the minor child is currently residing assist [respondent] in retrieving the minor child from [petitioner]." At this time, J.E.L. was residing with petitioner in Berkeley County, West Virginia.

On August 8, 2014, petitioner registered the Georgia court's temporary order pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA")[3]—and filed a petition to modify that order—in the Family Court of Berkeley County, West Virginia ("family court"). By order entered August 15, 2014, the family court dismissed the petition, finding that "this court is without jurisdiction in this matter." On that same day, petitioner filed a motion for reconsideration of the dismissal of her petition to modify. The family court denied petitioner's reconsideration motion by order entered August 26, 2014. The family court noted that in its July 16, 2014, temporary order, the Georgia court found that Georgia was J.E.L.'s "home state"[4] and that much of petitioner's documentary evidence—such as a February 14, 2012, letter from the Muscogee County School District regarding J.E.L.'s unexcused absences—originated in the State of Georgia. Therefore, the family court concluded that the Georgia court "[has] assumed jurisdiction of this matter."

Petitioner thereafter appealed the family court's dismissal of her petition for a lack of jurisdiction to the Circuit Court of Berkeley County, West Virginia ("circuit court"). In its October 21, 2014, order denying petitioner's appeal, the circuit court found that, contrary to petitioner's contentions, because the Georgia court had ruled that Georgia was J.E.L.'s "home state," it was for that court to determine whether the State of Georgia no longer had exclusive, continuing

[3]W.Va. Code §§ 48-20-101 through 48-20-404.

[4] W.Va. Code § 48-20-102(g); *see also* Ga. Code Ann. § 19-9-41(7). Georgia has also enacted the Uniform Child Custody Jurisdiction and Enforcement Act. Ga. Code Ann. §§ 19-9-40 through 19-9-104.

2

jurisdiction pursuant to the UCCJEA or whether the State of West Virginia would constitute a more convenient forum under the UCCJEA.[5] The circuit court noted that the Georgia court had neither "determined that it no longer [had] exclusive, continuing jurisdiction," nor "determined that West Virginia would be a more convenient forum." Therefore, the circuit court concluded that the family court "did not err in finding that [the Georgia court] continues to have exclusive, continuing jurisdiction in this case" and accordingly that West Virginia courts lacked jurisdiction in the case.

On November 28, 2014, petitioner appealed the circuit court's October 21, 2014, order to this Court. By letter on June 9, 2015, petitioner notified this Court that the Georgia court had entered a final order in the parties' case on April 20, 2015. This Court took judicial notice of the Georgia court's April 20, 2015, final order. In the final order, the Georgia court confirmed that (1) respondent has legal custody of J.E.L.; (2) petitioner has visitation as agreed to by the parties, but visitation was restricted to the court's jurisdiction with explicit limitations that petitioner may not "remove the minor child from his school or residence"; and (3) the Sheriff's Department in the county where J.E.L. is currently residing is requested to assist respondent in retrieving the child from petitioner.[6]

Petitioner appeals the circuit court's October 21, 2014, order denying her appeal of the family court's determination that Georgia—rather than West Virginia—has jurisdiction of this child custody case. We review the matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 475, 607 S.E.2d 803, 804 (2004). "[The UCCJEA] is a jurisdictional statute, and the requirements of the statute must be met for a court to have the power to adjudicate child custody disputes." Syl. Pt. 6, *Rosen v. Rosen*, 222 W.Va. 402, 404, 664 S.E.2d 743, 745 (2008).

On appeal, petitioner first complains that because she took J.E.L. out of the State of

---

[5]The UCCJEA provides, in pertinent part, that a West Virginia court may not modify a child custody determination made by a court of another state unless "(1) *[t]he court of the other state* determines it no longer has exclusive, continuing jurisdiction under [the UCCJEA] or that a court of this state would be a more convenient forum under [the UCCJEA]." W.Va. Code § 48-20-203(1) (emphasis added)

[6]We note that it appears that petitioner has never complied with either the Georgia court's July 16, 2014, temporary order or its April 20, 2015, final order. In her brief, petitioner acknowledges that she is concealing her physical address from respondent.

Georgia almost six months before respondent filed his petition for custody in the Georgia court, she was days away from switching J.E.L.'s "home state" under the UCCJEA from Georgia to West Virginia. The UCCJEA defines, in pertinent part, a minor child's "home state" as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." W.Va. Code § 48-20-102(g); Ga. Code Ann. § 19-9-41(7) (same). In *Rosen*, we rejected an argument similar to petitioners and found that "'almost six months' is insufficient to confer home-state jurisdiction." 222 W.Va. at 408, 664 S.E.2d at 749. Respondent filed his petition in the Georgia court within the timeframe that allowed the Georgia court to determine that Georgia remained J.E.L.'s "home state." Therefore, we find that neither the family court nor the circuit court erred in giving full faith and credit to the Georgia court's determination.[7]

Next, petitioner complains that West Virginia Code § 48-20-203(1) required certain determinations that the circuit court improperly declined to make in denying her appeal from the family court. However, pursuant to West Virginia Code § 48-20-203(1), the determinations petitioner seeks—that Georgia no longer has exclusive, continuing jurisdiction and/or that West Virginia would be a more convenient forum—must come from "[t]he court of the other state," which, in this case, is the Georgia court. As the circuit court correctly found, the Georgia court has not made either of those determinations. Rather, the Georgia court has exercised its exclusive, continuing jurisdiction to enter a final order confirming its earlier rulings of July 16, 2014. Therefore, we conclude that the circuit court did not err in finding that West Virginia Code § 48-20-203(1) did not allow West Virginia courts to modify the child custody determination previously made by the Georgia court.

Finally, petitioner contends that two additional provisions of the UCCJEA should have been addressed; however, we find that neither provision applies to this case. Petitioner argues that West Virginia Code § 48-20-208 allows that a court having jurisdiction under the UCCJEA to decline to exercise the same if the party who invoked jurisdiction did so through misconduct. We determine that this is another argument petitioner should make to the Georgia court—and not any West Virginia court—because the Georgia court is the court having jurisdiction under the UCCJEA in this case. Petitioner further argues that West Virginia Code § 48-20-204 allows a court to exercise "temporary emergency jurisdiction" if such jurisdiction is necessary "to protect the child because the child . . . is subjected to or threatened with mistreatment or abuse." W.Va. Code § 48-20-204(a). However, in the instant case, we find that petitioner relies on West Virginia Code § 48-20-204 merely as a means to allow West Virginia courts to review the Georgia court's custody determination, which is not permissible under the UCCJEA.[8]

---

[7]Pursuant to Syllabus Point 4 of *Rosen*, the other State's court must have had jurisdiction for its order to be given full faith and credit because child custody orders must comply with "the statutory jurisdictional provisions of [both the UCCJEA] and the Parental Kidnaping Prevention Act, 28 U.S.C.A. § 1738A." 222 W.Va. at 404, 664 S.E.2d at 745.

[8]Petitioner also relies on West Virginia Code § 48-20-204 to argue that before her petition to modify the Georgia court's July 26, 2014, temporary order could be dismissed, West Virginia (continued . . .)

4

For the foregoing reasons, we affirm the circuit court's October 21, 2014, order denying petitioner's appeal of the family court's August 26, 2014, order denying petitioner's motion for reconsideration of the dismissal of her petition to modify for a lack of jurisdiction. Finally, the Clerk of this Court is directed to issue the mandate order contemporaneously with this memorandum decision.

Affirmed.

**ISSUED**: October 2, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

courts had a duty to communicate with the Georgia court. In *Rosen*, we found communication between courts was discretionary when the UCCJEA uses the permissive term "may." 222 W.Va. at 410, 664 S.E.2d at 751; *see* West Virginia Code §§ 48-20-110(a) (communication) and 48-20-112 (cooperation). Petitioner argues that in contrast, West Virginia Code § 48-20-204(d) couches the duty to communicate in mandatory terms. We find that there was some limited communication between the West Virginia and Georgia courts, in that the Georgia court was sent copies of the family court's August 26, 2014, order denying petitioner's motion for reconsideration and the circuit court's October 21, 2014 order denying petitioner's appeal. We further determine that neither the family court nor the circuit court needed a reply from the Georgia court because, largely through petitioner's efforts, West Virginia courts—including this Court—have been kept abreast of the Georgia court's rulings. Therefore, even if we would find that West Virginia Code § 48-20-204 applies to this case—which we do not—we could not say that, under the facts and circumstances of this case, the duty to communicate pursuant to West Virginia Code § 48-20-204(d) was violated.

5